UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20641-CIV-HOEVELER

FRANCO NICOLETTI,

    Plaintiff,

v.

JORGE MANZANO, BRIAN FLAHERTY,
HANOY MANZANO, MAYRA MANZANO,
MARIA CHUY, ANA SOILA MANZANO,
JESUS BORROTO, FLORENCIA FERREIRA,
and CLOSEOUTS WORLD MERCHANDISE,

    Defendants.

_____/

## ORDER

This Cause comes before the Court on several pending motions. For the reasons stated below, the Court has dismissed the Complaint, without prejudice. Plaintiff shall have until May 5, 2010, to file a second amended complaint.

## BACKGROUND

Plaintiff filed this case against Defendants, alleging a claim under 18 U.S.C. § 1961 et seq., (the RICO statute), a claim for racketeering conspiracy, and a state law claim for "recovery of the investment and or the real property." Plaintiff's claims relate to a financial transaction with Defendants involving real property located in Opa Locka, Florida, and Plaintiff's allegations that Defendants conspired to allow the property to fall into disrepair, failed to pay Plaintiff amounts owed to him, etc. On March 11, 2009, Judge Lioi of the Northern District of Ohio transferred this case to this District, concluding that the Northern District of Ohio lacked personal jurisdiction over the

Defendants and that the Southern District of Florida was a superior venue for this case. Judge Lioi's Order summarized the pertinent facts of this case, as alleged in the First Amended Complaint, which will not be repeated herein.

Plaintiff Nicoletti's First Amended Complaint was filed September 5, 2008. The Amended Complaint includes the following allegations as to racketeering acts supporting Plaintiff's RICO claim:

1) mail and wire fraud
2) interference with commerce by threats or violence
3) interstate and foreign travel or transportation in aid of racketeering enterprise
4) money laundering
5) money laundering conspiracy
6) obstruction of mails
7) obstruction of correspondence.

Defaults have been entered as to Defendant Ferreira and a corporation she allegedly controlled: Closeout World Merchandise (Dkt No. 19), and also as to Defendant Jorge Manzano's mother Ana Z. Manzano, and Jesus Borroto (Dkt No. 67). In addition, Defendant Maria Chuy was dismissed from this case on December 3, 2008 (Dkt No. 58). The remaining Defendants and their roles in the alleged RICO-related overt acts described above are alleged to be as follows:

**Jorge Manzano** - approached Plaintiff while Manzano and Plaintiff were in federal custody and asked Plaintiff to buy the mortgage on Manzano's mother's house. Manzano also "caused to Fraudulently Transferred [sic] into the name of Defendant Closeout World Merchandise funds withdrawn from the Federal Bureau Of Prisons for the purpose of Laundering such funds via United States Postal Service ..." First Am. Complaint, ¶58.C (act 1), destroyed parts of the property and threatened Plaintiff with violence (act 2), distributed proceeds of rental property and threatened and attempted to extort funds from Plaintiff (act 3), deposited "criminally derived property and monies" into a bank account (act 4), conspired to engage in money laundering (act 5)

**Brian Flaherty** - destroyed parts of the property and threatened Plaintiff with violence (act 2), distributed proceeds of rental property and threatened and attempted to extort funds from Plaintiff (act 3)

2

**Hanoy Manzano** (nephew of Jorge Manzano) - provided false statements to postal carrier regarding Plaintiff's address and whether Plaintiff was the mortgagee of the property and caused mail to be returned to sender (act 1), destroyed parts of the property, obstructed repairs to the property, threatened potential renters, and threatened Plaintiff (act 2), distributed proceeds of rental property improperly, destroyed parts of the property, burglarized the property, and threatened and attempted to extort funds from Plaintiff, and threatened potential renters (act 3), deposited "criminally derived property and monies" into a bank account (act 4), conspired to engage in money laundering (act 5), obstructed delivery of mail addressed to Plaintiff at the property address (act 6), destroyed or open Plaintiff's mail (act 7)

**Mayra Manzano** (sister of Jorge Manzano) - provided false statements to postal carrier regarding Plaintiff's address and whether Plaintiff was the mortgagee of the property and caused mail to be returned to sender (act 1), destroyed parts of the property, obstructed repairs to the property, and threatened potential renters (act 2), distributed proceeds of rental property improperly, destroyed parts of the property, burglarized the property, and threatened and attempted to extort funds from Plaintiff, and threatened potential renters (act 3), deposited "criminally derived property and monies" into a bank account (act 4), conspired to engage in money laundering (act 5), obstructed delivery of mail addressed to Plaintiff at the property address (act 6), destroyed or open Plaintiff's mail (act 7)

Defendants Jorge Manzano and Brian Flaherty previously filed a motion to dismiss (Dkt No. 61), and renewed that motion before this Court (Dkt No. 87). Defendants Hanoy and Mayra Manzano also previously filed a motion to dismiss (Dkt No. 35). Each of these motions will be addressed below, along with other pending motions.

The Court notes that some of these parties are involved in litigation in state court in Miami-Dade County as to the same financial transaction forming the basis of this case. For example, in state court Case No. 08-28471, Jorge Manzano and Brian Flaherty sued Franco Nicoletti and Florencia Ferreira for civil fraud. The current status of that case is not known, although Manzano and Flaherty reportedly obtained an appellate decision in their favor in August 2009. Nicoletti also filed state court Case No. 08-38253 to foreclose on the property in question, i.e., the property as to which the

financial transaction in the present federal case related, and the outcome of that foreclosure proceeding is unclear.

## ANALYSIS

As a preliminary matter, the Court notes that the Order entered on March 11, 2009, by Judge Lioi partially granted the motions to dismiss filed by Jorge Manzano and Brian Flaherty, and by Hanoy Manzano and Mayra Manzano. Judge Lioi agreeed with Defendants' arguments as to *forum non conveniens* and the lack of personal jurisdiction over the Defendants, but did not reach the questions, *inter alia*, of whether Plaintiff properly served the Defendants or stated a claim under RICO. Thus, those motions to dismiss remain pending as to the unresolved claims, and as those motions are fully briefed the Court will enter rulings as stated below.[1] As Defendants Jorge Manzano and Flaherty have filed a renewed motion to dismiss, restating the arguments in their prior motion to dismiss, the prior motion (Dkt. No. 61) is DENIED, as MOOT.

The renewed motion to dismiss filed by Defendants Jorge Manzano and Flaherty (Dkt No. 87) was filed pursuant to Fed. R. Civ. P. 12(b), arguing that Plaintiff failed to plead predicate acts to establish a RICO conspiracy, failed to properly serve Defendants, and that other deficiencies are present in the First Amended Complaint. The prior motion filed by Defendants Hanoy Manzano and Mayra Manzano raises identical arguments. As noted above, Judge Lioi ruled on the issue of personal

---

[1]Plaintiff seeks clarification of the March 11, 2009, Order - which this Court has done; thus, Plaintiff's Motion for Clarification (Dkt No. 89) is GRANTED, as clarification has been provided herein. Defendant Manzano's request (Dkt No. 91) for an extension of time to file a response to Plaintiff's motion for clarification is GRANTED, *nunc pro tunc*.

4

jurisdiction and venue-related questions; the primary thrust of the remaining arguments made by all Defendants is that the complaint lacks sufficient allegations of injury to Plaintiff.  Specifically, Defendants note that Plaintiff has not demonstrated that he owned the home which is at the base of these allegations, nor has he demonstrated why he would have been receiving mail at the house (mail with which Defendants allegedly interfered) while he remained incarcerated.[2] These deficiencies reveal a lack of foundation for Plaintiff's claimed injury.  RICO claims must be based upon conduct which is "analogous to an 'act of a tortious character,'" Beck v. Prupis, 529 U.S. 494 (2000).  Courts must "scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused by the claimed RICO violations." Williams v. Mohawk Indus., 465 F.3d 1277, 1287 (11th Cir. 2006).  This Court is unable to discern from the First Amended Complaint that Plaintiff has established a claim for RICO or racketeering conspiracy, and absent a basis for federal jurisdiction this Court will not exercise jurisdiction over the pendent state claim.

As Plaintiff has requested the opportunity to correct any deficiencies in his pleading, the dismissal shall be without prejudice.  Plaintiff is cautioned that any amended complaint must clearly and directly state a cause of action under a federal statute, or other basis for federal jurisdiction, and must be served properly on Defendants.  Based on the above, it is

ORDERED AND ADJUDGED that Defendant Manzano and Flaherty's Renewed Motion to Dismiss is GRANTED, without prejudice, and Defendants Hanoy Manzano's

---

[2]The Court declines to take judicial notice of a documentary referenced by Defendants.

and Mayra Manzano's Motion to Dismiss is GRANTED. The First Amended Complaint is DISMISSED, without prejudice; Plaintiff shall have until May 5, 2010, to file a second amended complaint.[3]

Further, the Court notes that Defendant Manzano has requested relief as to the service of Plaintiff's filings. Defendant Manzano apparently remains in custody at FCI-Miami, and complains that he is not receiving Plaintiff's mailings and court filings. Plaintiff disputes this allegation, noting that Defendant received some of the Plaintiff's filings. Plaintiff also explains that he previously has requested the assistance of an attorney to forward mail to Defendant Manzano because inmates are not permitted to exchange correspondence. As Defendant Manzano has not demonstrated a sufficient basis for this Court to require Plaintiff to incur additional expenses for confirmed delivery service of court filings, it is

ORDERED AND ADJUDGED that Defendant Manzano's request (Dkt No. 90) that Plaintiff be required to provide Defendant with copies of all filings by either certified mail or delivery confirmation is DENIED.

DONE AND ORDERED in Chambers in Miami this 29day of March 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

---

[3]The Court does not reach the question of proper service on Defendants at this time, having found that the First Amended Complaint is subject to dismissal on other grounds.

6